IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

v.

JOHN MCCARTY (10),

          Defendant.

Case No. 14-40129-10-DDC

**MEMORANDUM AND ORDER**

On September 23, 2015, the government charged defendant John McCarty with conspiring to possess methamphetamine with intent to distribute it, using a communication device to facilitate that conspiracy, and possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The firearm charge against Mr. McCarty stems from a search of the car he was driving at the time of his arrest.

On November 6, 2015, Mr. McCarty moved to suppress all evidence, including a .40 caliber handgun, discovered during that search. Doc. 203. He contended that the search of the car violated his Fourth Amendment rights. *See id.* The government responded to Mr. McCarty's motion, asserting that the Topeka Police legally searched the car incident to Mr. McCarty's arrest and to create an inventory of the car's contents before impounding it. *See* Doc. 208. The court conducted an evidentiary hearing on the motion on December 28, 2015. And, on December 29, 2015, the court granted Mr. McCarty's motion and suppressed all evidence discovered in the car. *See* Doc. 284. The court concluded that the government had failed to establish that law enforcement had searched the car incident to arrest or that its decision to impound the car complied with the Fourth Amendment. The court also determined, *sua sponte*, that the plain

1

view doctrine did not apply to the search. Now, this matter is back before the court on the government's Motion for Reconsideration and to Reopen Evidence (Doc. 311). For reasons explained below, the court denies the government's motion.

## I.     Legal Standard

Motions to reconsider rulings on criminal pretrial motions are rare. *See United States v. Carr*, No. 06-40147-02-SAC, 2007 WL 1989427, at *1 (D. Kan. June 20, 2007) (citation omitted). Thus, "courts in this district apply the standards for evaluating a motion to reconsider in the civil context to such motions." *United States v. Lawson*, No. 08-20039-CM, 2008 WL 3850486, at *1 (D. Kan. Aug. 15, 2008) (first citing *Carr*, 2007 WL 1989427, at *1; then citing *United States v. Anderson*, Nos. 03-3009-JWL, 98-20030-01-JWL, 2003 WL 22436270, at *2 (D. Kan. Oct. 22, 2003)).

D. Kan. Rule 7.3(b) requires that a party seeking reconsideration base its motion on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." A motion to reconsider is proper where the court "has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." *Comeau v. Rupp*, 810 F. Supp. 1172, 1175 (D. Kan. 1992). But "'revisiting the issues already addressed is not the purpose of a motion to reconsider, and advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed is likewise inappropriate.'" *Id.* (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.), *cert denied*, 506 U.S. 828 (1992) (additional internal quotation marks omitted)). The court exercises its discretion when determining whether to grant a motion

for reconsideration.  *See United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (citing *United States v. Barajas-Chavez*, 358 F.3d 1263, 1266 (10th Cir. 2004)).

**II.     Analysis**

The government asks the court to reconsider its suppression order "to correct clear error and prevent manifest injustice."  Doc. 311 at 5.  Specifically, the government contends that, "the court [has] misapprehended the evidence regarding [a] photograph taken from outside the defendant's vehicle."  *Id*.  That photograph[1] looks down the inside of the closed driver's door of Mr. McCarty's car and shows a handgun, partially covered by a floor mat, on the driver's floorboard.  Examining this photograph in its suppression order, the court refused to apply the plain view doctrine to the search of Mr. McCarty's car because the photograph showed "that at least part of the camera that took th[e] picture was inside the [car]."  Doc. 284 at 8.  The government disagrees with the court's conclusion, contending, "[t]o the extent that the record reflects that [the photograph] does not show that it was possible to see the gun from outside the car, the record is incorrect."  Doc. 311 at 6.  It thus asks the court to reopen the evidentiary record, allow it to present additional testimony from a police officer who purportedly took the photograph, and deny Mr. McCarty's suppression motion based on the plain view and inevitable discovery exceptions to the warrant requirement.

But, as the court noted in its suppression order, the government never invoked the plain view doctrine to justify its search of Mr. McCarty's vehicle.  *See* Doc. 284 at 8 ("[T]he evidence here explains why the government does not invoke [the plain view] doctrine.").  Nor did it ever assert that police officers inevitably would have discovered the handgun by lawful means.  Both arguments and all of the facts that, the government contends, support them were available to the

---

[1]     Government's Hearing Exhibit 2, *see* Doc. 208-2.

government before the December 28, 2015 evidentiary hearing.  Because the government failed to raise these issues in a timely manner, they cannot serve as a basis for the court to reconsider its suppression order.  *See Comeau*, 810 F. Supp. at 1175; *see also The Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (concluding that a motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.").  The court thus denies the government's request to reopen the evidence and reconsider its order granting Mr. McCarty's motion to suppress.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's Motion for Reconsideration and to Reopen Evidence (Doc. 311) is denied.

**IT IS SO ORDERED.**

**Dated this 19th day of August, 2016, at Topeka, Kansas.**

s/ Daniel D. Crabtree_____
**Daniel D. Crabtree**
**United States District Judge**

4